UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTHONY HARDING          ]
    Petitioner,         ]
                         ]
v.                       ]      No. 3:14-0607
                         ]      Judge Trauger
STATE OF TENNESSEE, et al. ]
    Respondents.        ]

# **M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Riverbend Maximum Security Institution in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against the State of Tennessee and Wayne Carpenter, Warden at Riverbend, seeking a writ of habeas corpus.

## I. Background

On August 10, 2010, a jury in Sumner County found the petitioner guilty of six counts of aggravated statutory rape and one count of attempted aggravated statutory rape. Docket Entry No. 15-1 at pgs. 57-64. For these crimes, he received an aggregate sentence of twenty four (24) years in prison. *Id.* at pgs. 80-87. Although the trial judge would later deny petitioner's motion for a new trial, he vacated the conviction for attempted aggravated statutory rape. *Id.* at pgs. 99-100.

On direct appeal, the Tennessee Court of Criminal Appeals found plain error in the trial judge's exclusion of alibi testimony. As a result, the remaining convictions were reversed and the case was remanded for a new trial. Docket Entry No. 15-17. Upon a motion for rehearing, the intermediate appellate court reversed itself and affirmed the convictions and sentences. Docket Entry

No. 15-7 at pg. 6. The Tennessee Supreme Court then denied petitioner's application for further review. Docket Entry No.15-19.

## II. Procedural History

On March 5, 2014, the petitioner initiated this action with the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No. 1). The petition contains seven claims for relief. These claims include:

1) the indictment was defective, i.e., "failing to list specific dates of the alleged offense, thereby prohibiting the defendant from preparing a proper and effective defense";

2) the petitioner was denied the effective assistance of counsel when his attorney
   a) failed to give the prosecution timely notice of an alibi witness;
   b) failed to present alibi witnesses and medical experts;
   c) neglected to properly investigate the case;[1]

3) prosecutorial misconduct occurred when
   a) the prosecutor attempted to induce a guilty plea via intimidation ("the judge will bury me");
   b) "the DA proceeded to prosecute the case depriving defendant of an alibi witness"; and

4) the trial judge erred when he would not allow the testimony of an alibi witness.

Upon its receipt, the Court reviewed the petition and determined that it stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 10) was entered directing the respondents

---

[1] The petitioner was represented by Robert Vaughn, a member of the Davidson County Bar.

to file an answer, plead or otherwise respond to the petition. Rule 4, Rules ---- § 2254 Cases.

Presently before the Court is the respondents' Motion to Dismiss (Docket Entry No. 13) the petition, to which the petitioner has offered no reply. Having carefully considered the petition, respondents' Motion and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Lyons v. Stovall, 188 F.3d 327,331 (6th Cir.1999). The petitioner must offer the state courts both the factual and legal bases for his claims. Hicks v. Straub, 377 F.3d 538,552 (6th Cir.2004). In other words, the petitioner must present "the same claim under the same theory" to the state courts. *Id.* It is not enough that all the facts necessary to support a federal claim were before the court or that the petitioner made a somewhat similar state

3

law claim. Anderson v. Harless, 459 U.S. 4,6 (1982).

Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[2]

Federal habeas corpus relief is only available to cure "a violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, a claim that is based upon a perceived error or misapplication of state law will not normally be recognized as an actionable claim for federal habeas corpus relief. Lewis v.Jeffers, 497 U.S. 764, 780 (1990).

The defective indictment (Claim No. 1) and judicial error (Claim No. 4) claims were presented to the state courts solely as perceived issues of state rather than federal law, Docket Entry No. 15-15 at pgs. 10-14, and were addressed by the state courts as such. Docket Entry No. 15-17 at pgs. 14-16, 18-23. As a consequence, these issues have never been fully exhausted in the state courts as federal claims.

Unfortunately, at this late date, the petitioner is no longer able to raise his defective indictment and judicial error issues as federal claims in state court. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a

---

[2] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also* Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152, 170-72 (1982).

The petitioner's pleadings offer nothing to suggest cause for the failure to exhaust these claims as questions of federal law in the state courts in a timely manner. Nor has there been a showing of prejudice arising from the alleged violations. Consequently, petitioner's defective indictment and judicial error claims will not support an award of federal habeas corpus relief. Teague v. Lane, 489 U.S. 288, 297-98 (1989)(denial of a claim is appropriate when the federal claim was not raised in the state appellate courts for review).

The petitioner's remaining claims, i.e., the ineffective assistance of counsel (Claim Nos. 2a-c) and prosecutorial misconduct (Claim Nos. 3a-b) were never raised in a state appellate court for consideration. *See* Docket Entry No. 15-15. As noted above, state court remedies for these claims

5

are now no longer available. In the absence of cause and prejudice, the procedural default of those remedies is unexcused and will not support an award of federal habeas corpus relief.

## IV. CONCLUSION

The petitioner's claims were never properly exhausted in the state courts. The procedural default of state remedies for those claims is unexcused. For that reason, these claims are insufficient to support an award of habeas corpus relief. Consequently, having carefully considered the record, the Court finds that the respondents' Motion to Dismiss has merit and shall be granted.

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge